DENNIS, Justice,
assigning additional reasons.
I join fully in the majority opinion and write separately only to emphasize points overlooked or misconceived by the dissenting opinions. Contrary to the dissenting justices’ opinion, the constitution clearly authorizes the legislature to assign appeals from the DEQ to the court of appeal, and judicial review of an administrative agency’s determination is an exercise of appellate rather than original jurisdiction.
Article V, § 10(A), of the 1974 Louisiana Constitution (West Supp.1991) provides that “[ejxcept as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of ... all civil matters.” Paragraph (B) of the same article provides that “[ejxcept as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts.” Clearly, these provisions indicate that the legislature is empowered to provide by law that appeals from administrative agency determinations, such as those of the DEQ, may be taken to and reviewed by the courts of appeal; and the constitution does not anywhere provide otherwise. Moreover, the present constitutional grant of appellate jurisdiction to the courts of appeal affords the legislature with more flexibility in assigning appeals to particular appeals courts because it now provides that a court of appeal has appellate jurisdiciton of “all civil matters” rather than “civil matters decided within its circuit”, as originally provided. See La. Const. Art. V, § 10(A) (1974).
A serious misconception of the nature of judicial review of administrative agency determinations is revealed in the dissenting opinions. Regardless of whether a court normally functions as a trial or appellate court with respect to judicial controversies, its judicial review of an administrative agency determination is an appellate proceeding, Schwartz, Administrative Law § 10.2 (1984) and is universally considered to be an exercise of appellate jurisdiction when the legislature has made clear its intention to place the matter under appellate jurisdiction. Public Administrative Law and Procedure, 73A CJS § 186, p. 198; see also 2 Cooper, State Administrative Law (1965) at p. 611. By placing these matters in the court of appeal for review, and by using the words “appeal” and “appellate” in La.R.S. 30:2024 C, the legislature has clearly shown its intent for the review proceedings to be under the appellate jurisdiction of the court.
The dissenting opinions also misconceive the nature of original jurisdiction. Original jurisdiction is the “[¡jurisdiction to consider a case in the first instance. Jurisdiction of court to take cognizance of a cause at its inception, try it, and pass judgment upon the law and facts. Distinguished from appellate jurisdiction.” Black’s Law Dictionary (6th ed. 1990) (emphasis in original). See also, B. Garner, A Dictionary of Modern Legal Usage (1987) [“Original jurisdiction,” meaning “jurisdiction to take cognizance of a case at its commencement, to try it, and to decide the issues,” is usually contrasted with appellate jurisdiction. “In the U.S., primary jurisdiction is original jurisdiciton that lies in an administrative agency.” (Emphasis in original.) ] Consequently, when a court performs the function of judicial review of an administrative agency determination, it does not exercise original jurisdiction, because in such a case the court does not take cognizance of a case at its inception, try it, or pass judgment on the facts. Instead, the court merely reviews such decisions made by an administrative agency under the agency’s primary jurisdiction; usually, judicial review calls for only limited scrutiny of the agency determination for errors of law and arbitrary, capricious or unreasonable findings.